**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

KEON MOORE,

Petitioner,

v.

Civil Case No. 8:25-cv-488-TPB-AAS
Crim. Case No. 8:20-cr-180-TPB-AAS

UNITED STATES OF AMERICA,

Respondent.

_______________________________________/

## ORDER DENYING RULE 60(b) MOTION

Before the Court is Keon Moore's Motion for Relief from Judgment under Rule 60(b), Federal Rules of Civil Procedure. (Civ. Doc. 14) The United States responds in opposition. (Civ. Doc. 18) Moore files a reply. (Civ. Doc. 19)

## I. Background

In this action under 28 U.S.C. § 2255, Moore sought to vacate his convictions and 210-month sentence for being a felon in possession of a firearm and ammunition and possession with intent to distribute controlled substances. (Civ. Doc. 1) Moore challenged the constitutionality of 18 U.S.C. § 922(g)(1) and claimed that insufficient evidence supported his conviction, that the Court lacked Article III standing, and that counsel rendered constitutionally ineffective assistance. The Court rejected these claims as meritless. (Civ. Doc. 9)

Relevant to Moore's current Rule 60(b) motion, Moore claimed, in one sentence and without any details or elaboration, that he "never got to review his trial and sentencing transcripts to properly prepare for this case." (Civ. Doc. 1 at 8) By order dated September 22, 2025, the Court rejected this claim as not cognizable in his § 2255 action. (Civ. Doc. 9 at 12–13)

## II. Discussion

In his motion under Rule 60(b)(1) and (6), which he filed within one year of the denial his § 2255 motion, Moore argues that he should be relieved from the order and judgment denying his § 2255 motion because "a deficit" in his habeas proceeding occurred. (Civ. Doc. 18) He argues that his former counsel caused a "structural breakdown" in this proceeding by failing to provide him with his case file. In his reply, Moore reiterates that not having his trial and sentencing transcripts, as well as his case file, prevented him from "argu[ing] everything worth arguing." (Civ Doc. 19 at 3)

"On motion and just terms, the court the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). A "mistake" under Rule 60(b)(1) includes "all mistakes of law made by a judge." *Kemp v. United States*, 596 U.S. 528, 533–34 (2022). A motion under Rule 60(b)(1) "must be made within a reasonable time" not to exceed one year. Fed. R. Civ. P. 60(c)(1).

Rule 60(b)(6) permits relief for "any [] reason [other than the ones specifically enumerated in Rule 60(b)] that justifies relief." *Kemp*, 596 U.S. at 533 (noting "[Rule 60(b)(6)] is available only when Rules 60(b)(1) through (b)(5) are inapplicable"). Because Rule "60(b)(1) and (b)(6) are mutually exclusive[,] . . . . a court cannot grant relief under (b)(6) for any reason which the court could consider under (b)(1)." *Cavaliere v. Allstate Inc. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993). "Relief under Rule 60(b)(6) requires extraordinary circumstances." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025). The party seeking relief under Rule 60(b)(6) "has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Generally, "represented parties are not entitled to relief simply because they were penalized by the omissions of counsel." *United States v. Davenport*, 668 F.3d 1316, 1325 (11th Cir. 2012).

Moore has not shown entitlement to relief under Rule 60(b)(1) based on mistake, inadvertence, surprise, or excusable neglect. The record contradicts Moore's complaint that he lacked access to his case file during his § 2255 proceedings. On September 9, 2024, (before Moore filed his § 2255 motion on February 28, 2025) the magistrate judge denied as moot Moore's motion to compel counsel to produce his case file, finding that counsel "ha[d] produced all relevant documents to Mr. Moore multiple times," after counsel explained his exhaustive efforts of providing documents to Moore. (Crim. Doc. 174 at 2–3 and

Crim. Doc. 175 at 1) Additionally, the Court correctly denied Moore's motion for free transcripts as he was not entitled to free copies of court documents. (Crim. Doc. 177)

Furthermore, Moore has not demonstrated "extraordinary circumstances" "'so compelling that the district court [is] required to vacate its order'" under Rule 60(b)(6). *Olson v. Takeda Pharmaceuticals Am., Inc.*, No. 25-14527, 2026 WL 2731581, at *3 (11th Cir. Sept. 16, 2026) (quoting *Galbert v. W. Caribbean Airways*, 715 F.3d 1290, 1294 (11th Cir. 2013) and concluding that the district court did not abuse its discretion in denying a Rule 60 motion when, among other reasons, the record did not show that plaintiff "ceased to have meaningful representation of counsel in the underlying proceeding"). Moore fails to even suggest an argument that he was prevented from making in his § 2255 proceeding due to not having his case file and transcripts. *See Solaroll Shade & Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986) (affirming denial of a Rule 60(b) motion when the plaintiff did not make an "affirmative showing of a claim that is likely to be successful."). Moore makes no argument that the district court "overlooked important evidence or arguments in resolving [his] claims." *Olson*, 2026 WL 2731581, at *5.

## III. Conclusion

Moore's Rule 60(b) motion is premised on the incorrect assertion that he did not receive his case file, and he fails to show that an extraordinary circumstance compels vacatur of the Court's order. Accordingly, the Rule 60(b) motion is **DENIED**. This action remains closed.

**DONE AND ORDERED** in Tampa, Florida, this 6th day of October, 2026.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**